IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EVA GARCIA, RAFAEL GUZMAN, and PEDRO GARCIA, | ) ) ) | |
| Plaintiff, | ) ) | No. 09-CV-1369 |
| v. | ) ) | Judge Joan H. Lefkow |
| HSBC BANK USA, N.A., OCWEN LOAN SERVICING, LLC, and RESMAE MORTGAGE CORP., | ) ) ) ) ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Eva Garcia, Rafael Guzman, and Pedro Garcia (collectively, "plaintiffs") have brought suit against HSBC Bank USA, N.A. ("HSBC"), Ocwen Loan Servicing, LLC ("Ocwen"), and ResMAE Mortgage Corporation ("ResMAE") (collectively, "defendants") for violations of the Truth in Lending Act ("TILA"), codified at 15 U.S.C. § 1601 *et seq.*, and the Federal Reserve Board's Regulation Z ("Regulation Z"), codified at 12 C.F.R. § 226, stemming from a loan agreement entered into between plaintiffs and ResMAE. Plaintiffs claim that defendants violated TILA and Regulation Z by failing to properly disclose plaintiffs' right to rescind the transaction and to make other required material disclosures, and failing to properly rescind the transaction after receiving notice of plaintiffs' request to do so. Plaintiffs seek rescission as well as actual and statutory damages and attorney's fees. HSBC and Ocwen have moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which

1

relief can be granted. For the reasons stated below, Ocwen's motion [#9] is granted and HSBC's motion [#11] is granted in part and denied in part.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges a complaint for failure to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6); *Gen. Elec. Capital Corp.* v. *Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). For the purposes of a Rule 12(b)(6) motion, the court takes as true all well-pleaded facts in plaintiff's complaint and draws all reasonable inferences in favor of the plaintiff. *Jackson* v. *E.J. Brach Corp.*, 176 F.3d 971, 977 (7th Cir. 1999). Factual allegations must, however, be "enough to raise a right to relief above the speculative level." *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, at 235-36 (3d ed. 2004)); *see also Ashcroft* v. *Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1953, 173 L. Ed. 2d 868 (2009) ("*Twombly* expounded the pleading standard for all civil actions.") (citations and internal quotation marks omitted). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citations omitted).

## FACTS

ResMAE is an Illinois corporation engaged in the business of consumer mortgage finance. Plaintiffs took out a loan with ResMAE on or about December 8, 2006. The loan was

subject to a finance charge payable to ResMAE. In addition to the loan, ResMAE also retained a security interest in the plaintiffs' primary residence in the form of a mortgage. Sometime after the loan was taken out, it is alleged that HSBC and Ocwen became assignees or co-owners of the underlying mortgage and/or note. HSBC is a banking and financial services organization that engages in consumer mortgage finance with its principal place of business in New York, and Ocwen is a loan servicing organization with its principal place of business in Florida. The plaintiffs are residents of Brookfield, Illinois.

On March 10, 2008, plaintiffs sent notice to ResMAE and Ocwen that they were rescinding the loan transaction. Ocwen received the notice of rescission on March 13, 2008, and ResMAE received notice on March 28, 2008. Plaintiffs brought this action on March 4, 2009, alleging that ResMAE, Ocwen, and HSBC violated TILA and Regulation Z.

Plaintiffs allege that ResMAE violated TILA and Regulation Z when they failed to provide them with two copies of a notice of the right to rescind identifying the transaction, and disclosing the security interest in plaintiffs' dwelling, plaintiffs' right to rescind the transaction, and the date the rescission period expired. Plaintiffs further allege that they had the right to rescind the agreement for three years due to ResMAE's failure to provide them with these required copies under 15 U.S.C. § 1635(a) and 12 C.F.R. § 226.23(b)(1). Additionally, plaintiffs contend that HSBC and Ocwen were co-owners or assignees of the underlying mortgage and note and are therefore also liable for ResMAE's violation.

Plaintiffs also allege that ResMAE violated TILA and Regulation Z by failing to make material disclosures in the loan document itself. Material disclosures that were allegedly omitted include the use of the terms "amount financed," "finance charge," "annual percentage rate," and

3

"total payments." Plaintiffs further contend that ResMAE failed to disclose the number, amounts, and the timing of plaintiff's scheduled payments in violation of 15 U.S.C. § 1638 and 12 C.F.R. § 226.18. Plaintiffs again allege that Ocwen and HSBC are also liable for these violations.

Finally, plaintiffs allege that defendants have failed to properly rescind the transaction and return plaintiffs' property and money. Once a creditor receives notice that a consumer intends to rescind a transaction, the security interest giving rise to the right of rescission becomes void. 15 U.S.C. § 1635(b); 12 C.F.R. § 226.23(d)(1). The creditor then has 20 days after receipt of notice of rescission to return all property or money that has been given to anyone in connection with the transaction. 15 U.S.C. § 1635(b); 12 C.F.R. § 226.23(d)(2). Plaintiffs claim that none of the defendants have followed these provisions.

## ANALYSIS

Both HSBC and Ocwen have moved to dismiss plaintiffs' complaint. Ocwen argues that it cannot be held liable for TILA violations as a servicer of the loan.[1] HSBC argues that all claims except for rescission should be dismissed against it.

**I. Ocwen's Motion to Dismiss**

Ocwen contends that, as it is the servicer of plaintiffs' loan, it cannot be held liable for any alleged TILA violations. TILA expressly disclaims liability for servicers unless they also own or owned the obligation. 15 U.S.C. § 1641(f)(1); *Payton* v. *New Century Mortgage Corp.*, Nos. 03 C 333, 03 C 703, 2003 WL 22349118, at *5 (N.D. Ill. Oct. 14, 2003); *see also Bills* v.

---

[1] Plaintiffs have not responded to Ocwen's motion. This, however, does not constitute waiver or a withdrawal of opposition. *See* L.R. 78.3. The court will still determine whether Ocwen's motion is meritorious.

*BNC Mortgage, Inc.*, 502 F. Supp.2d 773, 775 (N.D. Ill. 2007) (granting servicer's motion to dismiss as servicers are not liable under TILA). A servicer is defined as "the person responsible for servicing of a loan." 12 U.S.C. § 2605(i)(2). Plaintiffs have alleged that Ocwen obtained ownership of the mortgage and/or note or served as the assignee. Ocwen disclaims any ownership interest in the note and mortgage but admits to being the servicer of the obligation. Plaintiffs have not contested Ocwen's assertion despite originally alleging in their complaint that Ocwen was an indispensable party because of their potential ownership interest in the mortgage and note. Such an allegation on its face fails to constitute a factual allegation sufficient enough to raise plaintiffs' right to relief above a speculative level. *Twombly*, 550 U.S. at 555 (citing 5 Wright & Miller § 1216, at 235-36). As a result, Ocwen cannot be held liable for any alleged TILA violations. Thus, Ocwen's motion to dismiss will be granted.

**II.     HSBC's Motion to Dismiss**

HSBC moves for a partial dismissal of plaintiffs' complaint, contending that plaintiffs' claims for all but rescission fail as a matter of law. HSBC first argues that damages are not available because the underlying TILA violation claims are time-barred under 15 U.S.C. § 1640(e), which provides that actions must be commenced within one year of the occurrence of the alleged violation. HSBC further contends that, even if the damage claims are not time-barred, HSBC, as an assignee, is not liable for non-facial disclosure violations made by ResMAE. 15 U.S.C. §§ 1640(a), 1641(a).

**A.     Statute of Limitations**

Claims for damages arising from TILA disclosure violations must be brought within one year of the date of the occurrence of the violation. 15 U.S.C. § 1640(e); *Basham* v. *Fin. Am.*

*Corp.*, 583 F.2d 918, 927-28 (7th Cir. 1978). A violation of TILA occurs when a credit transaction is consummated, which is typically when the loan closes. *Streit* v. *Fireside Chrysler-Plymouth, Inc.*, 697 F.2d 193, 196 (7th Cir. 1983). Actions for rescission under 15 U.S.C. § 1635, however, are not subject to the one-year statute of limitations. *Basham*, 583 F.2d at 928 n.17 (citing *Littlefield* v. *Walt Flanagan & Co.*, 498 F.2d 1133 (10th Cir. 1974)). If a creditor does not make the disclosures related to a consumer's right to rescind required by § 1635(a), the consumer has three years from the consummation of the credit transaction to rescind. 15 U.S.C. §§ 1635(a), (f).

Plaintiffs assert that because the statute of limitations for rescission is three years, the statute of limitations for affirmative damages for all TILA violations is extended to three years as well. In support, plaintiffs rely on *Washington* v. *Ameriquest Mortgage Co.*, No. 05 C 1007, 2006 WL 1980201, at *8 (N.D. Ill. July 11, 2006). *Washington*, with little analysis, adopted the reasoning of *McIntosh* v. *Irwin Union Bank & Trust Co.*, in which the District Court of Massachusetts held that because a consumer had three years to rescind a loan transaction under § 1635, the statute of limitations for claims for affirmative damages under § 1640(e) also extended to three years. 215 F.R.D. 26, 30 (D. Mass. 2003).

The court is not persuaded that § 1635 was intended to alter the statute of limitations provided by § 1640(e) for damages. The court finds HSBC's argument is more consistent with customary principles of statutory interpretation. The language of § 1640(e) only allows a consumer to bring suit for damages within one year of the occurrence of a TILA violation. Nowhere in the statute is there language that states or alludes to an extension of this right due to § 1635. The majority of courts in this district have reached the same conclusion, holding that

6

affirmative damage claims for disclosure violations must be brought within one year of the closing of any credit transaction. *See Douglas* v. *Wilmington Fin., Inc.*, No. 09 C 1370, 2009 WL 3852458, at *2 (N.D. Ill. Nov. 18, 2009); *Briscoe* v. *Deutsche Bank Nat'l Trust Co.*, No. 08 C 1279, 2008 WL 4852977, at *4 (N.D. Ill. Nov. 7, 2008); *Bell* v. *Ameriquest Mortgage Co.*, No. 04 C 5987, 2004 WL 2973819, at *1 (N.D. Ill. Nov. 30, 2004); *Pulphus* v. *Sullivan*, No. 02 C 5794, 2003 WL 1964333, at *12 (N.D. Ill. Apr. 28, 2003); *Jenkins* v. *Mercantile Mortgage Co.*, 231 F. Supp. 2d 737, 745 (N.D. Ill. 2002); *Dowdy* v. *First Metro. Mortgage Co.*, No. 01 C 7211, 2002 WL 745851, at *1 (N.D. Ill. Jan. 29, 2002). Therefore, the court concludes that the one-year statute of limitations applies to plaintiffs' underlying TILA violations. The loan closed on or about December 8, 2006, and the complaint was filed on March 4, 2009, well over one year later. Thus, all claims for damages not based on a failure to rescind are time-barred and must be dismissed against all defendants.[2]

Plaintiffs may proceed, however, on their claims for statutory damages based on failure to rescind the transaction. Under § 1635(b), the violation occurs not when the loan is consummated, but rather 20 days after receipt of the consumer's notice of rescission. 15 U.S.C. § 1635(b). *See* Dowdy, 2002 WL 745851, at *2 ("A lender's failure to rescind is a separate violation of TILA which gives rise to claims for statutory and actual damages."). Similarly, in *Harris* v. *OSI Financial Services*, the court held that HSBC was liable for damages under 15 U.S.C. § 1640(a) for failing to rescind a transaction within 20 days of receipt of plaintiff's notice to rescind. 595 F. Supp. 2d 885, 896 (N.D. Ill. 2009). The plaintiffs in this case contend, in their response to HSBC's motions, that they sent HSBC notice of their intent to rescind and

---

[2] Because the court has found that plaintiffs' underlying TILA claims are time-barred, the court need not entertain HSBC's second argument regarding assignee liability for these claims.

that HSBC failed to comply within 20 days of receipt of notice. This assertion is nowhere in plaintiffs' initial complaint, nor is a date provided. Plaintiffs do assert, however, that they first notified ResMAE and Ocwen of their intent to rescind in late March 2008. The present complaint was filed on March 4, 2009. In this instance, it is important to note that courts in this district have held that the filing and service of a complaint requesting rescission can be considered sufficient written notice of rescission under § 1635(a) and Regulation Z. *See id.* at 895; *Pulphus*, 2003 WL 1964333, at *16; *Elliott* v. *ITT Corp.*, 764 F. Supp. 102, 106 (N.D. Ill. 1991). Thus, because plaintiffs clearly stated in their complaint that they are seeking rescission, and HSBC failed to respond to the rescission demand within 20 days of the date it was served with the complaint, claims for damages under § 1640(a) for HSBC's failure to rescind are not time-barred.

B.   **Assignee Liability**

HSBC further contends that it cannot be held liable for any TILA violations unless such violations are apparent on the face of the document because it is an assignee and not a creditor. *See* 15 U.S.C. § 1641(a) ("[A]ny civil action for a violation of [TILA] which may be brought against a creditor may be maintained against any assignee of such creditor only if the violation for which such action or proceeding is brought is apparent on the face of the disclosure statement, except where the assignment was involuntary. For the purpose of this section, a violation apparent on the face of the disclosure statement includes, but is not limited to (1) a disclosure which can be determined to be incomplete or inaccurate from the face of the disclosure statement or other documents assigned, or (2) a disclosure which does not use the terms required to be used by [TILA]."). In support of its argument, HSBC relies on *Brodo* v.

8

*Bankers Trust Co.* in which the court held that a borrower was not entitled to recover statutory damages and attorney's fees for an assignee's failure to respond to a notice of rescission. 847 F. Supp. 353, 359 (E.D. Penn. 1994). Since § 1641(a) states that a cause of action against an assignee can only be maintained if the purported violation is apparent on the face of the disclosure statement, the court concluded that failure to respond to a notice of rescission did not constitute a facial violation giving rise to assignee liability. *Id.*

Some courts in this district have followed *Brodo*. *See Bills*, 502 F. Supp. 2d at 776-77 (N.D. Ill. 2007) (holding that absent an underlying facial violation, an assignee cannot be held liable for statutory damages for failing to comply with a notice of rescission); *Walker* v. *Gateway Fin. Corp.*, 286 F. Supp. 2d 965, 968-69 (N.D. Ill. 2003). In *Fairbanks Capital Corp.* v. *Jenkins*, however, the court respectfully disagreed with *Brodo*, concluding that assignees can be held liable for statutory damages if they fail to respond to a notice of rescission. 225 F. Supp. 2d 910, 916-17 (N.D. Ill. 2002); *see also Hubbard* v. *Ameriquest Mortgage Co.*, 624 F. Supp. 2d 913, 922-23 (N.D. Ill. 2008); *Lippner* v. *Deutsche Bank Nat'l Trust Co.*, 544 F. Supp. 2d 695, 703-05 (N.D. Ill. 2008). The court in *Fairbanks Capital* pointed out that, while § 1640(a) only uses the word creditor in discussing liability for damages, §§1640(b) and (c) make it clear that the section was intended to include assignees as well. *Fairbanks Capital*, 225 F. Supp. 2d at 916. The court reasoned that Congress would not have provided a defense to liability for assignees and a right of rescission against assignees if only creditors could be held liable for monetary damages. *Id.* at 917. Further, the court concluded that failing to hold assignees liable for damages when they fail to rescind would undermine the policies of TILA, namely allowing consumers the full opportunity to recoup all their losses after such violations. *Id.* All three cases contend that an

9

assignee can be held liable for failure to rescind if the underlying TILA violations are facial. Even *Bills* and *Walker* noted the relevance of facial violations on assignee liability. While these decisions followed the precedent set by *Brodo*, they also noted that assignees avoid liability for failure to rescind only *absent any facial violations* on the transaction itself. *See Bills*, 502 F. Supp. 2d at 776-77; *Walker*, 286 F. Supp. 2d at 968-69.

The reasoning in *Fairbanks Capital* and subsequent cases is persuasive. Thus, this court also concludes that HSBC may be held liable for statutory damages and attorney's fees for its failure to rescind after receiving notice. This conclusion is further supported by the fact that some of the underlying violations in plaintiffs' petition are indeed facial.[3] Consequently, plaintiff's claim against HSBC for damages for failure to rescind survives.

## CONCLUSION AND ORDER

For the foregoing reasons, Ocwen's motion to dismiss [#9] is granted and HSBC's motion to dismiss [#11] is granted in part and denied in part. HSBC is directed to respond to the portions of plaintiffs' complaint that survive by December 18, 2009.

Dated: Dec. 7 , 2009               Enter: _____

                                          JOAN HUMPHREY LEFKOW
                                          United States District Judge

---

[3] Plaintiffs assert ResMAE's failure to use the terms "amount financed," "finance charge," "annual percentage rate," and "total payments", in addition to their failure to disclose the number, amounts, and the timing of plaintiff's scheduled payments all constitute facial violations under 15 U.S.C. § 1638 and 12 C.F.R. § 226.18.